**The People of the State of Illinois, Plaintiff-Appellee, v. Eddie A. Martin, Defendant-Appellant.**

**Gen. No. 50,998.**

First District, First Division.

December 5, 1966.

Block, Levy & Becker, of Chicago (Alvin R. Becker, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Eddie A. Martin, together with defendants Plezola White and Edward Watson were indicted on the charge of burglary. After a waiver of a jury trial, the court found all three defendants guilty and sentenced defendant Martin to serve three to five years in the penitentiary.

Defendant Martin brings this appeal contending that the State failed to prove beyond a reasonable doubt that he entered the premises in question with intent to steal.

The record establishes that on June 20, 1964, at about 11:30 a. m., Officers Boyle and Buscemi, responding to a call, proceeded to a building owned by the Des Plaines Paper Company located at 4114 South Packer Avenue. Officer Boyle testified that their search produced nothing unusual on the first two floors of the building, but on the third floor they found and apprehended defendant White after a brief pursuit. With White in custody of Officer Buscemi, Boyle proceeded to the fourth floor and saw defendants Martin and Watson, who turned to run, but stopped at his command. He said Watson had a large wire cutter in his hand, and that a box of tools was found on the stairway between the third and fourth floors. He testified that Martin and Watson told him that they were "junking" thinking the building to be abandoned. He said that at the police station they told him that they were only looking for wire and bathroom fixtures.

The police department notified the manager of the Paper Company, George Uldrych, and he testified that he could not ascertain whether anything was taken, but that they discovered property taken from the building in a barrel outside of the building. He said on that day the Company was engaged in electrical and plumbing renovation of the building and that the plant was partially operating with about 20 employees working.

After the State rested its case the defendant, Plezola White, testifying in his own behalf, said he and codefendants Martin and Watson were looking for work at a company which was next door to the Paper Company. He testified that it was a hot day and they saw a building which was being torn down and walked in without any intention of stealing, and only drank some wine before the police came. No further evidence was offered by the defendants.

Defendant's counsel concedes that the defendant was unlawfully on premises which were not abandoned. He maintains, however, that:

> The evidence taken in the best light for the prosecution shows only that three unemployed vagabonds in search of employment, to avoid the extreme heat of a summer day, and in the presence of over twenty of the Des Plaines Paper Company employees, illegally entered the premises to drink and wait to the noon hour to seek employment. Their entry was peaceable and nonviolent. They broke nothing, and took nothing during the four-hour stay.

It is urged that if Eddie Martin ever formed an intent to commit a theft, it was long after his entry had been effected and the wine had been consumed.

■ The gist of the offense of burglary is the unlawful entry into the premises of another with intent to commit a felony or theft. People v. Clark, 30 Ill2d 216, 195 NE2d

631. Defendant relies on People v. Kelley, 274 Ill 556, 113 NE 926, People v. Hutchinson, 50 Ill App2d 238, 200 NE2d 416, and People v. Soznowski, 22 Ill2d 540, 177 NE2d 146, to support his contention that the intent to steal was not proved beyond a reasonable doubt. We find these cases to be distinguishable from the case at bar on the facts. In Kelley the defendant entered a public drug store where circus tickets were being sold to a queue of people. He was observed picking the pocket of a patron who was leaving the store and then he joined the queue. The Supreme Court held there was insufficient evidence to prove that he entered the store with intent to commit larceny. In the instant case, the defendants were unlawfully on property which was not abandoned and which was not open to the general public, as is a drug store.

In Hutchinson, the defendant openly parked his car in front of a dwelling, entered the kitchen through an unlocked door, and left about five minutes later without disturbing or taking anything with him. The court reversed his conviction of burglary holding that:

> [T]hese facts are sufficient to raise a reasonable doubt of the guilt of defendant and require the application of the "maxim of our law that where an act may be attributed to a criminal or to an innocent cause it will be attributed to the innocent cause rather than to the criminal one. People v. Wilson, 400 Ill 461, 475, 81 NE2d 211." Page 242.

In the case at bar the defendants had a wire cutter and were on two separate levels of the upper floors of the Paper Company when apprehended.

The defendant in Soznowski, entered a dwelling at night, woke a sleeping woman by beating her on the face, and then fled. The court reversed the conviction of larceny, commenting that the act of beating appeared inconsistent with an attempt to steal. The court found

no overt act of defendant toward accomplishing his alleged intent to steal and stated, that it did not follow that because the defendant did not intend rape, he must therefore have intended larceny. The facts in this case are clearly distinguishable from the facts in the instant case.

■ Here, Officer Boyle testified that the defendants were found on two of the upper floors of the building; that they attempted to run, but stopped when ordered to; that Watson had a wire cutter and that a box of tools was found on the stairway. He testified that Watson and Martin told him they thought the building was abandoned and they entered for the purpose of junking, and they later said they were mainly looking for wire and bathroom fixtures. It is clear that the trial judge gave little weight to the testimony of White that they entered the building to avoid the heat and to drink some wine. The credibility and weight to be given such testimony is for the court who saw and heard the witnesses testify. People v. Cox, 22 Ill2d 534, 177 NE2d 211.

■ ■ Criminal intent must ordinarily be proven circumstantially by a chain of inferences deducted from the evidence. People v. Johnson, 28 Ill2d 441, 192 NE2d 864. Each link of the chain of circumstantial evidence, when considered alone, may not be conclusive of the intent of the defendant, but when all the evidence in the case is considered, we find no foundation to the contention that the defendant was not proven guilty beyond all reasonable doubt. We also find no merit to the claim that the tool box was improperly admitted into evidence.

The judgment of the Criminal Court of Cook County is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.