THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD SQUAIR, Defendant-Appellant.

(No. 54526;

First District—July 1, 1971.

508

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, and Joseph Wolf, Senior Law Student, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Howard Squair, along with two co-defendants was charged with the crime of burglary. All three men were tried by the court without a jury. At the close of all the evidence, the State moved to *nolle prosequi* the charges against the two co-defendants. The motion was granted, and the two were dismissed. Defendant was then found guilty and sentenced to a term of two years to two years and one day. On appeal defendant contends that there was no probable cause for his arrest, and also that he did not receive a fair and impartial trial.

Officer Iver N. Johnson of the Chicago Police Department and his partner received a call that an A.D.T. alarm was sounding, and proceeded

to the alley at the rear of 4707 South State Street in Chicago. As Johnson drove the squad car through the alley, he observed one man run from the rear of 4707 State Street. When the squad car arrived at the address, the officer observed defendant come from the rear of the building and approach the alley. He was carrying a case of wine. When the officer told defendant to halt, defendant placed the wine on top of a garbage can.

Mrs. Juanita Lewis testified that she owned a tavern at 4707 State Street. She had stored 25 cases of wine in a shed behind the tavern. When she closed the tavern at 2:30 on the morning in question, she set the silent burglar alarm. At 3:30 A.M. she received a call from the private alarm company reporting that the alarm had been activated. When she arrived at the tavern she discovered that all the wine had been taken. She identified the wine later at the police station.

Mr. Willie Williams testified for the State that on the morning in question he was working as a gas station attendant a few doors from the tavern. He saw the three defendants pushing a cart down State Street away from the tavern; he also saw them bring something from the back of the tavern and place it in the cart. Williams called the police, and after they arrived, walked to the rear of the tavern. Defendant Squair told Williams that he would "get him." Williams also testified that later on the same day the two co-defendants stood across the street from the gas station looking at him.

■■ Defendant first argues that the police officer did not have probable cause to arrest him. The statute (Ill. Rev. Stat. 1967, ch. 38, sec. 107—2), provides in part:

"A peace officer may arrest a person when:

＊ ＊ ＊

(c) He has reasonable grounds to believe that the person is committing or has committed an offense."

The test of probable cause is whether a reasonable and prudent man in possession of the knowledge which has come to the arresting officer would reasonably believe that the person to be arrested is guilty of the crime. (*People v. Bambulas* (1969), 42 Ill.2d 419, 247 N.E.2d 873.) The factual basis for the arresting officer's belief need not be as persuasive as that necessary for the conviction of defendant for a crime. (*People v. Peak* (1963), 29 Ill.2d 343, 194 N.E.2d 322.) And in order to determine the factual basis, the courts must look to the totality of facts and circumstances. *People v. Hanna* (1969), 42 Ill.2d 323, 247 N.E.2d 610.

■■ In support of his argument that the officer did not have probable cause to arrest him, defendant contends that the officer testified merely that an A.D.T. alarm had been set off, and that he had no idea as to where the alarm was sounded. This contention is not supported by an

examination of the record. The officer testified that, while in their squad car, his partner and he received a radio call concerning an A.D.T. alarm, and that they drove to the vicinity of 47th and State, and then directly to the rear of 4707 State. After observing one man run from the building and across the alley, the arresting officer saw defendant leaving the rear of the premises with a case of wine in his hands. Under these facts and circumstances, the information possessed by the arresting officers was sufficient to form the factual basis necessary to support a reasonable belief that a crime was being committed. We find that the arrest was proper.

Defendant's second argument that he did not receive a fair and impartial trial is based upon certain comments made by the trial judge. At the close of all the evidence, counsel who represented all three defendants commenced his closing argument. The prosecutor interrupted to say that the State wished to *nolle prosse* the charges pending against defendant Squair's two co-defendants. The trial judge allowed the motion. As the two men started to leave the courtroom, the judge called them back to the bench and stated that if the State had not moved to *nolle prosse* the charges, he would have found them guilty. He said that in his opinion the witness Williams was "scared to death," and cautioned both men as to what might happen to them if they were to injure or inimidate Williams or his family. Counsel then moved for a mistrial as to defendant on the grounds that the court could not make an impartial determination of the facts because of his apparent emotional involvement in the case as evidenced by his statement to the two co-defendants. The judge denied that he was emotionally involved, and said that if he had been, it would have been likely that the involvement would have manifested itself in a denial of the State's motion to *nolle* as to the other defendants. The judge also stated that the sole purpose of the remarks was to thwart any attempt at retaliation against Williams. Counsel for defendant then rested, and the court found defendant guilty.

Defendant argues that if the judge had the opinion he expressed as to the guilt of the two men who were dismissed, there existed from the statement the inference that he also believed defendant guilty. We agree that such an inference is reasonable. However we also believe that the comments, made by the judge in a bench trial and after all the evidence had been adduced, were not improperly prejudicial to defendant.

■■ Comments made by the trial judge during the taking of evidence, and particularly, prior to the testimony of witnesses for the defense, may be prejudicial. (*People v. Ojeda* (1969), 110 Ill.App.2d 480, 249 N.E.2d 670.) It is improper for a judge in the presence of the jury to make remarks expressing a predilection for the State's evidence. (*People v. Mori-*

*arity* (1966), 33 Ill.2d 606, 213 N.E.2d 516.) But in the instant bench trial, the comments of the judge, made after all the evidence had been presented, do not reveal a bias or prejudice requiring reversal. One of the prosecution witnesses testified that he had been threatened. The court believed that testimony, and was concerned for the safety of the witness. After allowing the State's motion to *nolle prosse* the charges against the co-defendants, the judge informed the two men that he otherwise would have found them guilty. He also warned them against retaliation. The comments were prompted by evidence properly in the record, and amounted to an explicit statement by the court which would have been implied in the finding of guilty. (See *People v. Faginkrantz* (1961), 21 Ill.2d 75, 171 N.E.2d 5; *People v. Clay* (1963), 27 Ill.2d 27, 187 N.E.2d 719.) Nor can defendant complain that he was prejudiced by the failure of his counsel to complete oral arguments. In a bench trial, the matter of permitting oral argument rests in the sound discretion of the court, and it is neither prejudicial to defendant nor an abuse of discretion for a court to refuse to hear argument where, as here, the proof of guilt is overwhelming and clearly established beyond a reasonable doubt. *People v. Wesley* (1964), 30 Ill.2d 131, 195 N.E.2d 708.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.