2 Ill. App.3d 870 (1971)
275 N.E.2d 918
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
JAMES LEE KING, Defendant-Appellant.
No. 11370.
Illinois Appellate Court  Fourth District.
November 23, 1971.
Rehearing denied December 22, 1971.
*871 Morton Zwick, Director of Defender Project, of Chicago, (Bruce L. Herr, of Defender Project, of counsel,) for appellant.
Lawrence E. Johnson, State's Attorney, of Urbana, (Kenneth E. Baughman, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE TRAPP delivered the opinion of the court:
Defendant was indicted for burglary with intent to commit theft and burglary with intent to commit rape. The jury returned a general verdict of attempted burglary. The court imposed sentence of two to seven years. Defendant appeals contending that the evidence is insufficient to prove the intent beyond a reasonable doubt as to either count.
The prosecuting witness shared a ground floor apartment with another girl. She had returned home at 1:00 A.M. and in retiring had undressed to the minimum of feminine apparel. She heard noises of fumbling at the door which she thereupon locked. Thereafter, there being other noises, she saw two eyes looking in at her beneath the windows and over the top of an air-conditioner in the window. She went to the room of the girl who shared the apartment and the police were called. The latter were at the scene very quickly and as they went around the house a crash was heard. The officers found defendant standing on a lawn chair with his head and shoulders through the window of the room of the prosecuting witness. An air-conditioner was on the ground beneath the window. A police officer noted that the window had been raised. The evidence is that the air-conditioner was held in place in the window only by the window sash, there being no other fastening or support.
*872 It is defendant's contention that he was intoxicated as the result of result of drinking from 1:00 P.M. the preceding afternoon until between 10 and 11 on the night prior to this event. His whereabouts between the latter hours and 1:00 A.M. are not shown. Defendant says he can't remember. He testified that he could not recall being at the door of the apartment. Certain friends testified to the fact that defendant was at their apartment from 7 until 10:30 or so drinking whiskey and beer and that he was intoxicated when he left. Upon the arrival of the police officers they first saw defendant standing on the lawn chair at the window. Upon being challenged, he fell or got off of the chair and rolling on the ground complained he was ill and needed help. No weapons were found. Defendant had a scarf and gloves and one officer said that he was wearing a three-quarter length coat. One of the defendant's hosts says that he told defendant to take a coat or jacket when he left. It does not appear in the abstract whether defendant did so.
The evidence is that upon arrival at the police station, defendant was cooperative, that he stood and moved without difficulty and participated in fingerprinting and other routine. A portion of the police report was checked to show that defendant was "drunk". No other tests than such observations were made.
 1 Defendant argues that he was intoxicated and seeking relief from the cold weather. The only specific evidence is that the temperature was between twenty and thirty degrees. Such matters are essentially items of credibility for the trier of fact. In People v. Martin, 77 Ill. App.2d 183, 222 N.E.2d 180, the defendant asserted that the unauthorized entry was to escape the heat. In People v. Hart (Ill. App.2d), 270 N.E.2d 102, the defendant sought to justify his entry as seeking relief from the cold.
In arguing that the proof of intent was insufficient, defendant asserts that, at most, his conduct was that of a trespasser or a "peeping Tom", and that he fell through the window as a result of the unpredictable action of the lawn chair. In the abstract there actually is no testimony to such effect, and the conclusion must be reached from the argument. Such argument overlooks the testimony of the police officer that the window had been raised. The jury might reasonably infer that the unfastened air-conditioner fell when defendant raised the window. An essentially inconsistent argument of the defendant is that the fact that the jury returned a verdict of attempted burglary rather than burglary as charged demonstrates that the jury believed that "no intent" was proven. The reasoning is involved. The jury were instructed as to the offense of burglary in the language of the statute. (Ill. Rev. Stat. 1969, ch. 38, par. 19-1(a)), that burglary is committed when one without *873 authority knowingly "enters" a building. Defendant's next premise is that the fact that defendant's head and shoulders were through the window and inside the room would be a sufficient entry in fact to constitute the offense of burglary. Ergo, it must be concluded that the jury determined that the prosecution had failed to show any intent as set forth in the cited statute, but rather that the jury must have concluded that the defendant went through the window involuntarily when the air-conditioner fell out.
Neither the abstract nor the argument discloses that the jury were actually instructed that the entry of head and shoulders was sufficient to consummate the offense of burglary. It seems as reasonable to conclude that the jury were more concerned with the problems of whether or not it could be said that defendant had entered the building when the jury found only attempted burglary.
 2 Defendant argues that there is not sufficient evidence to show either intent charged in the respective counts. It is agreed that the trier of fact may infer intent from the acts and conduct of the defendant which, with attending circumstances in evidence, reasonably indicates such an intent to the minds of others. People v. Soznowski, 22 Ill.2d 540, 177 N.E.2d 146. See also People v. Maffoli, 406 Ill. 315, 94 N.E.2d 191.
 3 Acts performed in committing an offense may include a primary intent with an alternative or concurrent intent to commit another offense. People v. Bashic, 306 Ill. 341, 137 N.E. 809; People v. Coolidge, 26 Ill.2d 533, 187 N.E.2d 694.
 4, 5 In People v. Johnson, 28 Ill.2d 441, 192 N.E.2d 864, the court noted that there is an assumption that the entry of the building of another is not purposeless and that in the absence of other proof, theft is a likely purpose. (See also People v. Rossi, 112 Ill. App.2d 208, 250 N.E.2d 528.) In this record there are no circumstances in evidence which negate the intent which might be inferred from the acts in evidence as was the case in Soznowski.
Judgment affirmed.
SMITH, P.J., and CRAVEN, J., concur.