THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY SPARKS, Defendant-Appellant.

(No. 56660;

First District—December 27, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Thaddeus L. Kowalski and Robert M. Gray, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Mark Zubor, and Ronald G. Maimonis, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Stanley Sparks, defendant, was found guilty, after a bench trial, of the crime of attempted theft in violation of Section 8—4 and Section 16—1(a) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, pars. 8—4 and 16—1), and was sentenced to a term of six months in the House of Correction.

The issues presented on appeal are: whether the complaint was fatally defective because it failed to allege the requisite mental state; whether the defendant was denied a fair trial; whether the State proved all the essential elements of the offense of attempted theft; and whether it was error for the State not to allege and prove the value of the automobile.

On August 30, 1971, the following complaint for attempted theft was filed against Stanley Sparks:

> "Ronald McFern, complainant, now appears before the Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that Stanley Sparks has, on or about 29 August 1971 at 6429 S. Marshfield, committed the offense of Attempt (Theft of Auto) in that he with intent to commit the offense of theft attempted to obtain unauthorized control over a 1962 Buick Illinois 71 Lic. P. C. 9946 VIN 8 I 1095756 property of Ronald McFern by entering that car and damaging the ignition; thereby intending to permanently deprive said Ronald McFern of the use and benefit of said property in violation of Chapter 38, Sec. 8—4 of 16—1(a)(1) Illinois Revised Statutes."

■■ Defendant argues the absence of the word "knowingly" from the complaint was a fatal defect. In *People v. Geary*, 8 Ill.App.3d 633, 291 N.E.2d 13, the court held an indictment charging attempted theft sufficiently stated the requisite mental state when it alleged the defendant acted with intent to commit the offense of theft. Therefore, a complaint of attempted theft need not allege the defendant "knowingly" acted with intent to commit the offense of theft.

The cases cited by the defendant are not pertinent because they were decided prior to the *Geary* case.

■■ Defendant also argues he was deprived of a fair trial when the trial court entered a finding of guilty after the defendant argued a motion

for finding of not guilty, but before the defendant testified. After this fact was called to the trial court's attention, he admitted he had mistakenly thought defendant had rested, withdrew the finding of guilty and permitted the defendant to testify. The law is clear the trial court does not commit reversible error where there are no statements made that indicate prejudice or which do not show anything more than the judge's belief that both sides had rested. (*People v. Harris* (1971), 132 Ill.App.2d 801, 270 N.E.2d 232.) The case of *People v. Diaz* (1971), 1 Ill.App.2d 988, 275 N.E.2d 210, cited by the defendant, is not pertinent because there the trial court displayed prejudice throughout the course of the trial and made premature rulings of defendant's guilt on three separate occasions.

The defendant also argues the trial court denied him the right to make a closing argument. The record discloses the attorney for the defendant did make an argument after all the evidence had been presented, limited however to a discussion that the complaint fails to show the value of the property, and counsel argued therefore the trial court did not have jurisdiction to try the case.

■■ Assuming, for the sake of argument, the trial court did refuse to hear a closing argument for the defendant, such action would not result in reversible error. In a bench trial, the matter of permitting oral argument rests in the sound discretion of the trial court, and it is neither prejudicial to defendant nor an abuse of discretion for the trial court to refuse to hear oral argument where, as hereinafter shown, there is strong and convincing evidence of guilt before the trial court. *People v. Wesley* (1964), 30 Ill.2d 131, 195 N.E.2d 708; *People v. Squair* (1971), 133 Ill. App.2d 507, 273 N.E.2d 522.

■■ The defendant further argues the State failed to prove he intended to deprive the owner permanently of the use or benefit of the property. There is sufficient proof in the record the defendant took a substantial step toward the commission of the crime of theft and, therefore, intended to deprive the owner permanently of the use or benefit of the property. The police officer, who was answering a radio call of a suspicious character in the area, testified he saw the defendant leaving the 1962 Buick. The officer examined the interior of the car and found the ignition was broken. He searched the defendant and found in his possession a screwdriver, pliers and flashlight. The defendant testified he was near the 1962 Buick; that he touched the door of the car and his handprint was on the door; and when he touched the door the police officer came around the corner and he walked off. On cross-examination the defendant testified the reason he touched the car was because he intended to get into the car. This evidence displays the defendant's specific intent to commit a theft (*People v. Rossi* (1969), 112 Ill.App.2d 208, 250 N.E.2d

528); that he had taken a substantial step toward the commission of that offense; and therefore the trial court properly held the defendant intended to permanently deprive the owner of the automobile of its use and benefit. *People v. King* (1971), 2 Ill.App.3d 870, 275 N.E.2d 918.

■■ Finally, the defendant argues it was error for the State not to allege and prove the value of the automobile. Under the present law (Ill. Rev. Stat. 1971, ch. 38, par. 16—1), all that is required to support the charge of theft is the complaint show a thing of value was stolen. (*People v. Brouilette* (1968), 92 Ill.App.2d 168, 172, 236 N.E.2d 12.) In *People v. Kelly* (1965), 66 Ill.App.2d 204, 214 N.E.2d 290, the court held it would take judicial notice of the fact a 1959 Chevrolet, driveable in 1964, was a thing of some value even though it may have, without more proof, a value of less than $150.

■■■ In the case at bar, the defendant was charged with attempted theft of a 1962 Buick, which was in driveable condition. Therefore, although the complaint contained no allegation as to the value of the automobile, it was sufficient to sustain a conviction of an attempted theft of an automobile of a value of less than $150. (*Price v. Price* (1967), 81 Ill.App.2d 111, 225 N.E.2d 453.) The courts have also held that judicial notice may be taken of the fact property has some value and, therefore, where the State fails to prove the value of the property the court will sustain a conviction of attempted theft of property of a value not exceeding $150. *People v. Tassone* (1968), 41 Ill.2d 7, 241 N.E.2d 419; *People v. Kurtz* (1967), 37 Ill.2d 103, 224 N.E.2d 817.

In the case at bar, the trial court took judicial notice the value of the 1962 Buick was under $150 and, therefore, it was not necessary for the complaint to allege or for the State to introduce evidence of the value of the 1962 Buick.

There is no reversible error in the record and, therefore, the judgment is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.