THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES SHERIFF *et al.,* Defendants-Appellants.

(No. 58466; ▮▮▮▮▮▮▮▮▮

First District (2nd Division)—January 29, 1974.

James J. Doherty, Public Defender, of Chicago (John T. Moran, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Thomas A. Mauet, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

Charles Sheriff and Frank Hinton (defendants) were found guilty, after a bench trial, of the offense of burglary in violation of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 19—1). Defendant Hinton was sentenced to a term of one year to four years, the term to run concurrently with a sentence of one year to four years imposed upon an unrelated conviction for theft; defendant Sheriff was sentenced to a term of one year to two years, the term to run consecutively to a sentence of three years to nine years imposed upon an unrelated conviction for attempt armed robbery. Both defendants prosecute the instant appeal.

Defendants contend that the trial court improperly admitted into evi-

dence, and improperly considered in arriving at the finding of guilty, testimony concerning an automobile and its contents found near the scene of the burglary, when no connection had been established between that vehicle or its contents and the defendants; and that the State failed to prove them guilty of the offense beyond a reasonable doubt. Defendant Sheriff also contends that it was error to impose the instant sentence consecutive to the sentence imposed upon the unrelated attempt armed robbery conviction, in light of the new Unified Code of Corrections.

Chicago police sergeant Patrick Hayes testified for the State that he received a call of a burglary in progress at about 4:30 P.M. on February 1, 1972, in apartment 1-A of a large apartment building at 7307 Luella Avenue in Chicago. He proceeded to that address with two other police vehicles and entered the vestibule of the building with Officer Bielke. From the vestibule Sergeant Hayes observed the defendants at an open window situated on the first landing leading to the first floor of the building, one of the defendants on the outside of the window and the other on the window ledge. The Sergeant called out that "they are going out the window"; he ran out of the building and into a gangway located alongside the building and leading from the street to the alley, and there he again observed the defendants; Sheriff was standing on a portable refrigerator which had been placed on the ground below the window and was preparing to jump off the refrigerator to the ground, and Hinton was on the window ledge preparing to come out of the window with a box. When they reached the gangway, both defendants ran toward the street at the front of the building (and therefore toward Sergeant Hayes), but were halted by the Sergeant and placed under arrest. Further inspection of the area revealed that the front door to apartment 1-A, which was located a few steps from the window in question, was wide open; that the rear door and screen to that apartment had been damaged; and that an automobile was standing in the alley behind the apartment buildnig about ten or fifteen feet from the window, with its motor running and containing numerous items of personal property. The Sergeant stated that a police evidence technician made tests for fingerprints "to ascertain if there had been a burglary in the apartment"; that fingerprints were taken; that the Sergeant was not in possession of that report. The Sergeant did not testify as to the places or objects so tested.

At this point, defense counsel moved that the State be ordered to produce the report pursuant to a prior discovery motion which had been made by defendant. The assistant State's Attorney apparently had not been personally aware of the fact that tests for fingerprints had been made, and had no personal knowledge of any report. The trial judge decided to proceed for the present without the report but with an assurance

to defense counsel that he could renew his motion before resting his case, should he then wish to do so. Defense counsel acceded to this decision.

Chicago police officer Joseph Carrington testified for the State that he too had responded to the call; that he had entered the alley behind the building; and that he had there located a 1963 Chrysler automobile which had been backed up to the gangway of the apartment building. He stated that the motor to the vehicle was running; that the trunk, a door, and all of the windows of the vehicle were open; and that the vehicle contained numerous items of personal property, such as a television set, a stereo set, and the like. The officer remained with the Chrysler for several minutes, during which time he did not see anyone exit the gangway; the officer also did not see the defendants in possession of the automobile or of its contents; and he testified that the vehicle was not reported to have been stolen. The officer observed a box of dishes on the ledge of the window where the defendants had been observed by Sergeant Hayes.

Christina Montgomery testified for the State that she rented the apartment in question and that she had left for work on the morning of February 1, 1972; when she returned to the apartment the following day, she observed that items were missing from the apartment and that her portable freezer and a box of new dishes had been moved. The witness was informed by the police that the police were holding items of personal property, which she later identified, and all the property taken from the apartment was recovered by the witness. Ms. Montgomery gave no one permission to enter or to remove property from her apartment during her absence on that date.

Officer Bielke was called as a witness by the defendants and was later treated as a court's witness after he gave responses which were inconsistent with testimony he had previously given at a preliminary hearing in the case, relative to where the arrest of the defendants was made, whether he had observed anyone carrying personal property in the area of the burglary, and the like. He stated at times in his testimony that he was mistaken, and that he testified at the preliminary hearing to matters which had been related to him by Sergeant Hayes.

Prior to resting his case, defense counsel again demanded a copy of the police evidence technician's report containing the fingerprint tests. The trial judge first noted that he would infer, from the State's testimony that tests for fingerprints had been made and from the State's failure to produce the report and to offer it in evidence, that the report either showed that the fingerprints of defendants were not present or was inconclusive as to that point; to that extent, there was negative evidence as to a connection between the defendants and a burglary in the apart-

ment. For that reason, the trial judge deemed the report unnecessary and accordingly denied the demand for its production.

In making his finding of guilty, the trial judge specifically stated that the testimony of Officer Bielke at the preliminary hearing was "unforgivable" in that the officer there had tried to account for the roles of all the officers involved in the arrest and in the investigation of the burglary, rather than merely for his own personal role therein. The court noted that other facts brought out at the trial relative to the burglary impressed him, prescinding from that officer's testimony.

With respect to the specific question of whether the State connected the defendants to the 1963 Chrysler automobile and its contents, the State's evidence demonstrated that the defendants were seen in the possession of Ms. Montgomery's box of dishes and using her portable freezer to remove that box from the building; that the front door to her apartment was wide open and was located a few feet from the window where defendants were observed removing the box; that the Chrysler automobile was standing with its motor running and its storage compartments wide open, backed up in the alley behind the building to a point ten to fifteen feet from the window where the property was seen being removed; and that the automobile contained various items of personal property, all of which had been removed from Ms. Montgomery's apartment without her permission and while she was away from the apartment.

■■ We are of the opinion that the nexus between the defendants and the items of personalty found in the car can be inferred beyond a reasonable doubt from the combination of the following circumstances: (1) Ms. Montgomery's testimony that all of the items of personalty found in the car had been in her apartment when she had left the apartment on 1 February 1972, and that she had given no one permission to remove them from the apartment; (2) Sergeant Hayes' testimony that he saw defendant Sheriff standing on a portable refrigerator in the gangway, and that he saw defendant Hinton with his hand on a carton, later found to contain dishes, which carton was then on the ledge of the open window through which defendant Hinton was departing from the landing of the apartment building; (3) Ms. Montgomery's testimony that both the refrigerator and the carton of dishes had been in her apartment when she had left the apartment on 1 February 1972, and that she had given no one permission to remove those two items from her apartment. This nexus is no less convincing than the nexus circumstantially established in *People v. Lampson* (1972), 6 Ill.App.3d 1099, 286 N.E.2d 358, where the defendant was observed fleeing the burgled premises and the reviewing court held that burglary tools found immediately adjacent to

those premises were properly admitted into evidence against defendant at the trial.

■■ In *People v. Fontana* (1934), 356 Ill. 461, 190 N.E. 910, cited by defendants as the alleged "standard" governing the admissibility of such evidence in a burglary case, the defendants were found guilty based solely on circumstantial evidence; the defendants there were not found upon or otherwise shown to have been connected with the burglarized premises, whereas the burglary tools which the reviewing court held were improperly admitted against them were found inside the burgled premises. *Fontana* is clearly distinguishable on its facts from the case at bar, as are the other cases cited by defendants in support of this position. The State's evidence clearly established a connection between the Chrysler automobile and its contents, on the one hand, and the defendants on the other, and the trial court consequently did not commit error in taking that evidence into consideration in arriving at the finding of guilty in this case.

The contention that the State failed to prove the defendants guilty beyond a reasonable doubt is closely related to the foregoing issue. In addition to claiming that the State failed to establish the connection between the Chrysler automobile and the defendants, defendants also allude to the discrepancies between Officer Bielke's trial testimony and his preliminary hearing testimony, and to the lack of fingerprint evidence linking the defendants to the apartment or to the automobile or to any of the items of personal property, though tests for fingerprints had been made.

The State did in fact establish a connection between the automobile and the defendants, as noted above. The negative evidence as to that connection, which the trial judge inferred from the State's failure to produce the fingerprint report, was obviously insufficient to leave him with a reasonable doubt in the matter, in the face of the totality of the circumstantial evidence establishing such a connection. Nor are we left with any such doubt. As the trial judge remarked, all of the property taken in the burglary was recovered and defendants were observed to be in actual possession of a part of that property and their possession was unexplained.

As to Officer Bielke's testimony, the record is clear that the trial court gave no weight to that testimony in arriving at his finding of guilty, as is evidenced by the comment that the court considered the officer's testimony at the preliminary hearing "unforgivable," thereby reflecting directly on the officer's credibility at trial. The evidence adduced by the State demonstrated the defendants' commission of the offense of burglary beyond a reasonable doubt by way of the chain of circumstances proven. (*People v. Martin* (1966), 77 Ill.App.2d 183, 222 N.E.2d 180.) The cases

cited by defendants in support of their position are not applicable to the instant circumstances.

The final matter raised relates to the sentence imposed upon defendant Sheriff. We have been advised that Sheriff's conviction for the unrelated attempt armed robbery previously referred to has been reversed. Therefore, the contention that the consecutive sentence given Sheriff in this case was improper is now moot, and we do not consider it further.

For the foregoing reasons the judgments of conviction are affirmed.

Judgments affirmed.

STAMOS and DOWNING, JJ., concur.