THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY ROBINSON, Defendant-Appellant.

Third District   No. 3—83—0337

Opinion filed December 29, 1983.

James Groat and Louis E. Neuendorf, both of Sandwich, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

Defendant Gary Robinson appeals from the denial by the trial court of his motion to vacate his prior plea of guilty and to arrest judgment. The defendant, under a plea agreement with the State, had entered his plea of guilty to attempted insurance fraud (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4(a), (b), (c)), and he was sentenced to a term of 10 months' imprisonment for the offense. On appeal, Robinson contends that there was an insufficient factual basis presented to the trial court to support his plea of guilty, and further that there is no such crime as attempted insurance fraud in Illinois.

As several statutory provisions are pertinent to the issues raised herein, we set them forth at the outset. Section 118 of division I of the Criminal Code of 1874 (hereinafter section 118) (Ill. Rev. Stat. 1981, ch. 73, par. 1101) establishes the offense of insurance fraud

"If any person *** shall falsely obtain, cause to be obtained, or attempt to obtain from such insurance company any sum of money upon any policy of such company, by means of false and fraudulent written representations or affidavits, falsely representing *** that the person insured suffered a financial loss by reason of the loss, theft, damage or destruction of the property insured, every person on conviction thereof, if the sum so obtained, attempted or caused to be obtained shall be equal to or exceed the sum of $25, shall be guilty of a Class 4 felony; and if the sum so obtained, attempted or caused to be obtained shall be less than $25, shall be guilty of a Class B misdemeanor."

Section 8—4(a) of the Criminal Code of 1961 sets forth the attempt provision (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a)):

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense ***."

As already noted, in a plea agreement, the defendant pleaded guilty to the offense of attempted insurance fraud and the agreed-upon sentence was imposed by the trial court, that being 10 months' incarceration. The facts set forth by the prosecutor in support of the plea agreement and defendant's guilty plea indicated that one Alan Beckvar and Robinson had agreed that Robinson would take Beckvar's boat and hide it. Then Beckvar would submit a false insurance claim for the boat's theft to his insurance company. The presentation to the trial court also indicated that Robinson had taken the boat and concealed it with the intent and under the agreement that Beckvar would file a false insurance claim for the theft. Beckvar did phone his insurance carrier to notify them of the theft of the boat and start the claim process. In exchange for Robinson's plea of guilty to attempted insurance fraud for his part in the scheme, other charges against him, arising from the incident, were dropped by the State. However, within the requisite 30 days, Robinson, through other counsel, filed a motion to arrest judgment and vacate his earlier plea of guilty. The motion was denied by the trial court and this appeal followed. A prior motion to reduce sentence was denied by the trial court as well, with the court concluding that it was moot due to the fact that Robinson had served his sentence and been released. That motion concerning sentencing is not before us on this appeal.

■■ A central focus of the defense argument are questions concerning the existence of, and elements of, the crime of attempted insurance fraud. The defense argues that an attempt to gain money

from an insurance company by false and fraudulent representations is part of the definition of the offense of insurance fraud found in section 118, and further that to constitute such attempt, there must have been a submission of written representations or affidavits. No such written documents were submitted by either Robinson or Beckvar in the instant case. However, Robinson was not charged for the offense set forth in section 118, requiring written documents falsely making a claim for insurance payment. If he had been, then the lack of such documents would have been relevant to his conviction. Rather, he was charged with, and pleaded guilty to, the offense of attempted insurance fraud, which is committed by anyone making an act constituting a substantial step toward the commission of the offense of insurance fraud. (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a).) Thus, anyone taking a substantial step toward attempting to obtain money from an insurance company through the submission of false written documents, or anyone aiding and abetting such person, under accountability principles (see Ill. Rev. Stat. 1981, ch. 38, pars. 5—1, 5—2), would be held to have attempted the crime of insurance fraud. The factual presentation in the instant case indicated that Robinson took a substantial step toward attempting to defraud Beckvar's insurance carrier when, pursuant to his agreement with Beckvar, he took Beckvar's boat and concealed it, with the intent that Beckvar would attempt to obtain an insurance payment for its theft. Further, the evidence established that Beckvar took a substantial step toward the commission of the offense by telephoning his carrier and making the claim report to them. Under established principles of accountability, Robinson was guilty of attempting to commit insurance fraud. We reject the defense's reading of section 118, which would have the effect of limiting attempted insurance fraud to those situations where written documents are submitted in support of a claim. If false written documentation is submitted in an attempt to obtain an insurance payment, then the crime of insurance fraud, not attempt, has been committed. If a substantial step is taken toward attempting to obtain money through such representations, then the crime of attempted insurance fraud has been committed. The latter is shown to have been the case in the case at bar. We find no conflict between the provision setting forth insurance fraud (Ill. Rev. Stat. 1981, ch. 73, par. 1101) and the attempt provision of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 8—4), nor any legislative intention to eliminate application of the attempt provision to cases of insurance fraud under section 118. Neither do we find any constitutional vagueness in the insurance fraud provision.

    In summary, there is a crime of attempted insurance fraud

in Illinois, and the factual presentation before the trial court on the defendant's plea of guilty indicated that he had committed that crime by taking and concealing Beckvar's boat with the intent that Beckvar submit a false claim for its theft. The defense, in another argument focusing upon an alleged failure to present a sufficient factual basis for the plea, argues that nothing was presented to the trial court at the hearing to indicate the value of the boat or the amount of money sought from the insurance company in Beckvar's claim. Therefore, the defense contends, the State failed to show all elements of the offense. Initially, we note that section 118, with respect to value, specifies that the offense is committed when "any sum of money" is sought to be falsely obtained from an insurance company. The penalties for insurance fraud vary, however, depending upon the amount obtained, or sought to be obtained, from the insurance carrier. If $25 or more is claimed, then the offense is a Class 4 felony. If less than $25 is claimed, then the offense is a Class B misdemeanor. While no amount was put forth by the State concerning the claim made by Beckvar for the allegedly stolen boat, it is evident that the boat had some value (see *People v. Sparks* (1972), 9 Ill. App. 3d 470, 292 N.E.2d 447), and moreover, that the participants in the scheme intended that the company pay some money to Beckvar for the theft of the boat. That Beckvar had a policy covering theft, and that he made a claim for the theft over the phone, is sufficient factual foundation for a conclusion that he was attempting to obtain some money from his insurance carrier. While no specific amount was given to the trial court in support of the plea agreement and guilty plea, the record is sufficient to support an inference that the claim was to be for some money, thus satisfying the statutory requirement. However, since there is nothing on which to conclude that its value exceeded $25, as the State concedes, we find that the court erred in sentencing Robinson to a term of imprisonment based upon a conviction for a Class A misdemeanor. Under the pertinent provisions of section 8—4(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(c)), the defendant's conviction for attempted insurance fraud should have carried a sentence no greater than that for the offense attempted, which under the facts here, would be for a Class B misdemeanor. The maximum incarceration for a Class B misdemeanor is six months. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—3.) Therefore, we reverse the judgment insofar as it specifies conviction for a Class A misdemeanor and change the conviction to one for a Class B misdemeanor. However, since the defendant has already served his time in prison, no change in his status is involved.

The judgment of the circuit court of La Salle County is affirmed, in part, and reversed in part, with a modification.

Affirmed in part, reversed in part and modified.

STOUDER, P.J., and SCOTT, J., concur.