(No. 26514.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOSEPH ALBANESE, Plaintiff in Error.

*Opinion filed March 16, 1942.*

HALFPENNY, HAHN, WILEY & SAKELSON, (JOSEPH J. NAGLE, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

A jury in the criminal court of Cook county found plaintiff in error, Joseph Albanese, guilty of armed robbery and he was sentenced to prison for life. The indictment charged he robbed Casimer Pawlaski of $200 and that he was an habitual criminal. It was stipulated he had been indicted, tried, found guilty of robbery while armed with a pistol and sentenced to the Illinois State Penitentiary at

Joliet, in the same court, on April 27, 1934. In the instant case he was sentenced May 21, 1941, and he has sued out this writ of error to review this judgment of conviction and sentence.

About six o'clock P.M., Friday, March 7, 1941, Raymond Lydigsen and Ralph Hoff accompanied defendant to Casimer Pawlaski's handbook and gaming place in Chicago. One of them was armed with a shotgun and the other with a pistol. It is not shown defendant had a gun in his hands. They announced that "this is a stick-up" and made all present including Pawlaski face the wall with their hands up. Stanley Gross, a witness who was in the gaming house at the time, testified he saw Albanese scoop the money off a gaming table, into a bag. On cross-examination, Gross said: "During all this time I saw Albanese picking up that money from the table. He was not grabbing it up he was putting it in these bags. I wouldn't say that he was putting it in all the time during those ten minutes. I did not keep looking at the wall all the time. I looked at Albanese enough to get a good description of him." Also officer Edward J. Harrity testified Albanese told him he and Lydigsen "went to the cashier's table and then went to the card table and took between $300 and $400 between the two places." Albanese denied participation in the robbery and denied making this statement.

Hoff was arrested immediately after the robbery and had the shotgun and a pistol in his possession. No point is made as to these two weapons which were in evidence, but Albanese contends that the court erred in admitting in evidence other pistols.

Marilynn "Billie" Davis of 1639 Washington boulevard, Chicago, testified she was a friend of Lydigsen and knew Hoff and Albanese. She said Lydigsen came to her room and put the guns, "there were more than 3," and "money" in the icebox in her apartment. She also said he got some of the money out of the icebox next day.

Officer Harrity testified Albanese told him that Lydigsen and defendant took the money "up to a room where a girl named Billie lived" near Washington and Paulina streets, after the robbery.

Officer George Helstern testified that Lydigsen went with two other officers and the witness to 1639 West Washington boulevard to the apartment of Miss Davis. There in the icebox they found a wooden box which contained the four revolvers, $110 in silver and $190 in currency.

The guilt of the accused is so clearly established in this case, that although it was error to admit the four revolvers in evidence because they were not identified as part of the weapons used in the robbery, we do not consider this error grave enough to warrant a reversal of the judgment.

Defendant argues one additional point. He says the indictment charged the money was taken from the person of Casimer Pawlaski but that the proof did not show this. At the trial no question of a variance was raised and there was no motion for a directed verdict. The testimony given by the witnesses Gross and Harrity demonstrates that all the money was taken in the presence of Pawlaski. Albanese admitted to officer Harrity that he took money from the cashier's table. This was Pawlaski's own money and was then in his presence. Proof that money was taken from the cashier's table in Pawlaski's gaming house and in his presence at the point of a gun is sufficient, if believed, to establish the charge of robbery.

This court held in *People* v. *Knox*, 302 Ill. 471, 480, in respect to ownership in proof of the charge of robbery, that the rule is satisfied where a qualified or special property in the thing taken in the robbery from the person assaulted, is shown. In *People* v. *Carpenter*, 315 id. 87, it is said, at page 89: "In order to constitute robbery the property must be taken from the person or the presence of the one assaulted. Where the evidence shows that the property was taken from the presence or control of the

owner or custodian, such proof constitutes proof of robbery under the statute."

In the record here it appears the money was taken from the cashier's table and the card table in the room where Pawlaski was at work and where he conducted his gaming operations. It is true he said his purse had no money in it, was taken out of his hip pocket, dropped on the floor back of him and that, in effect, nothing was actually taken from his person. In spite of this, the proof, if believed, established the crime charged. This contention must be overruled.

No other points are argued in plaintiff in error's brief. The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*