(No. 34340.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES WILLIAMS, Plaintiff in Error.

*Opinion filed September 20, 1957.*

GERALD W. GETTY, Public Defender, of Chicago, (JOHN M. FLAHERTY, and LARRY LAZAR, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, L. LOUIS KARTON, and JOHN T. GALLAGHER, of counsel,) for the People.

MR. JUSTICE BRISTOW delivered the opinion of the court:

By writ of error James Williams, aged 26, comes here from the criminal court of Cook County wherein on March 23, 1956, he was adjudged guilty of armed robbery by that court in a trial without a jury, and sentenced to serve a term of one to ten years in the Illinois penitentiary. His sole contention here is that the prosecution failed to establish his guilt beyond a reasonable doubt, principally because his identification was unsatisfactory.

George E. Lally and the arresting officer were the State's only witnesses. Lally testified that he was driving a bus for the Chicago Transit Authority on December 24, 1955, in the vicinity of 115th and Vincennes Avenue at 12:30 A.M. At that time two colored men boarded the bus which was empty. After boarding, one of the men placed an object against his temple and from the corner of his eye he could see the barrel of a revolver. The other man took the money changer off the hook and the currency from Lally's pocket, the total being $12.16. This incident was then reported at the 13th district police

station where Lally gave a description of the two men to officer Ernest Grissett. Apparently the officer had some suspicion that defendant was involved. On January 17, officers Grissett and Woods came to Lally's home and showed him two pictures of the defendant, and he was then identified by Lally as his assailant. At a showup on January 17, Lally again identified the defendant.

The defendant argues here that Lally had no opportunity to see him, for the pointed revolver forced him to look away in another direction. But Lally testified that he saw the two men as they were standing on the sidewalk when the bus stopped and saw them clearly as they were boarding the bus.

On behalf of the defendant, several of his friends and relations testified that Williams was with them playing whist on the evening of December 23 from 9 P.M. until 12:30 A.M. so it would be impossible for the defendant to have been at the scene of the crime at the time indicated.

Perhaps the most incriminating circumstance that appears in the record is that defendant, when he was arrested, told officer Grissett that on the date in question he was not in Chicago, but in St. Louis, Missouri. He never mentioned the social evening that he spent with his alibi witnesses. Defendant on cross-examination admitted making the statement about St. Louis, but stated that he did not say it was on the night of December 23 that he was in St. Louis. His testimony on this subject was not persuasive.

The trial judge in making his finding of guilt observed that he was impressed with the candor and forthrightness of the prosecuting witness, George Lally. The defendant was accorded a fair hearing. The trial judge, as trier of the facts, has many advantages in determining the credibility of witnesses. We believe the record sustains the determination made here.

*Judgment affirmed.*