(No. 36633

The People of the State of Illinois, Defendant in Error, *vs.* Theodis Woods, Plaintiff in Error.

*Opinion filed February 1, 1963.*

CURTIS J. DAX, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Theodis Woods, was indicted by the Cook County grand jury for rape, pleaded not guilty, and upon trial by the court without a jury was found guilty and sentenced to 25 years imprisonment in the Illinois State Penitentiary. He assigns as error here that the identification evidence was so weak and conflicting that he should have been found not guilty, and that the court erred in excluding certain testimony and in not declaring a mistrial on the court's own motion.

The complaining witness, a married woman, was returning to her apartment from work about 1:45 on the morning of July 19, 1960. When she reached the second floor landing in the apartment building where she lived, she heard someone running up the stairs behind her. She turned and saw a man who put one hand around her

hips and threatened her with a knife held in the other hand, and warned her not to scream. He then put one arm around her neck and dragged her up the stairway to the third floor landing where he violently assaulted and raped her. When a lady who lived across the hall from the prosecutrix opened her door, the man ran upstairs and later escaped by running back downstairs with a coat over his head. The stair landings and hallways were lighted, and the prosecutrix identified defendant as the man who raped her, having particularly noted him as having bumps on his face. The neighbor could not identify defendant because the man ran past her with a coat over his head.

About three o'clock on the afternoon of July 22, 1960, defendant was stopped and questioned by two police officers. Defendant voluntarily went to the apartment of complainant, and she identified defendant as the man who had assaulted her. Both police officers testified as to her identification, and that defendant tried to keep his face averted from her. The arrest and indictment followed. Defendant testified in his own behalf and denied the charge. Several witnesses called by the defense testified that defendant's face had the same appearance as to the absence of noticeable bumps on or after July 19, 1960, as at the time of trial. The police officers also testified defendant said he knew why they were investigating in the area, and that he had heard he resembled the person who attacked the woman. When asked by the officers where he heard the rumor, he said he did not remember because he hadn't paid any attention to it. Defendant denied that the prosecutrix positively identified him in the presence of the officers, and said that she did not positively identify him until later that evening when she came to the police station with her husband and son, and there signed the complaint. He stated his face was in the same condition at the time of trial as on July 19, 1960. Both police officers testified as to there being noticeable bumps on defendant's face on July 22, 1960, when they

interrogated him, but that the bumps were not so noticeable at time of trial.

The fact that the initial identification of defendant by the victim was made by her in the presence of the two officers and defendant and no one else, does not render the identification incompetent. Here, it was for the court to weigh the testimony and determine the credibility of the several witnesses. Where the truth lies, in any debatable set of circumstances, is a matter peculiarly for the determination of the trier of fact, be it judge or jury, and it is not for a reviewing court to substitute its opinion therefor. (*People* v. *Horodecki,* 15 Ill.2d 130, 135; *People* v. *Crenshaw,* 15 Ill.2d 458, 465.) As we observed in the *Crenshaw* case (p. 468), "In view of the opportunities of observation enjoyed by the trial court, its judgment should not be set aside by this court unless the proof is so unsatisfactory or implausible as to justify a reasonable doubt as to a defendant's guilt. *People* v. *Williams,* 12 Ill.2d 80; *People* v. *Iannacco,* 11 Ill.2d 55."

Defendant assigns as additional error that his counsel was unduly limited in his cross-examination of the prosecutrix in testing her memory and observation. This is a matter addressed to the sound discretion of the trial judge, and where there has not been an abuse of that discretion, we will not disturb the judgment below. (*People* v. *Miller,* 342 Ill. 244, 252.) Here, the court permitted defendant's counsel to ask numerous questions going to memory and observation, and an examination of the record shows no abuse of discretion.

In rebuttal, the State recalled one of the officers who testified as to certain statements regarding defendant's facial appearance, made by the trial judge at a previous trial. Objection was made by defendant, and the trial judge sustained the objection, properly reprimanded the prosecutor, and stated he would completely disregard it. The court, in a bench trial, is presumed to decide the case only

upon competent evidence (*People* v. *Saisi,* 24 Ill.2d 274, 280), and here the court expressly stated he would disregard the improper rebuttal testimony.

We are of the opinion that defendant received a fair trial and that his guilt was established beyond a reasonable doubt. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*