People of the State of Illinois, Plaintiff-Appellee, v. Gino Rossi, Defendant-Appellant.

Gen. No. 68–134.

Second District.

August 25, 1969.

Daniel Kuhn, of Naperville, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Ralph J. Gust, Jr., Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant was convicted of the crime of burglary after a jury trial. He appeals from the judgment of conviction, contending that intent to commit a theft was not proven beyond a reasonable doubt, and that admission of a purported instrument of a burglary—a filed down screwdriver—was reversible error.

Defendant, together with one Edward Broeffle, was found inside a residence shortly after midnight on August 22nd, 1967. Both men were found hiding under a pile of rugs in a small "mud room" off the kitchen in the unlighted home.

The building was rented to the Jaime Ferra family at the time of the offense charged. The Ferras had left on a vacation several days prior to August 22nd, leaving various of their possessions in the home. They had allowed some friends to remain in the house and the latter removed their belongings and gave the key to a neighbor to the north, the Fosters, at about 9:00 p. m. on August 21st.

Shortly after midnight on August 22nd, another neighbor, Mrs. Rogers called the Foster home and related that she had seen two males starting down her driveway and walking across the street; that when a car drove by, the men pulled into the shadow of a tree and then went into the backyard of a neighboring house, and stood there for a few moments; that one man went around the back of the Ferra house, the other around the other side, and that they then started up the kitchen steps of the Ferra house. It was at this point Mrs. Rogers called.

After receiving the call Mr. Foster went next door to investigate. He went up to the kitchen porch and with a flashlight saw that the door was open. He called out, "Come on, boys. Let's get out." At that time he heard noises in the basement and concluded, "They weren't just boys," so he backed out, signaled his wife with the flashlight from the steps and told her to call the police.

The police arrived in three or four minutes. After defendant was brought out from under a pile of rugs he sought to move away from the officers and was subdued. (The defendant was charged with resisting a police officer but the jury found him not guilty on that charge.)

The further investigation of the police revealed that nothing had been taken. A kitchen window was found open some eighteen inches. There were indentations on the window sill, which a neighbor was allowed, over objection, to characterize as "pry marks." There is no evidence that these indentations had not been previously present in the old home which had been recently painted. Mrs. Foster testified without objection that when the friends of the Ferras brought the key to her, they told her, "Everything was locked up," but that she did not check this.

A screwdriver with a filed down blade was found in the cabinet located near the open window of the kitchen. There was no proof that defendant owned the screwdriver, but Mr. Ferra testified he had never seen it before.

No witnesses were offered for the defense.

Under the facts and circumstances presented, the principal contention of the defendant that the requisite intent has not been proven beyond a reasonable doubt must be rejected.

 There is no disagreement as to the legal principles which apply. Specific intent to steal must exist and be measured at the time of unauthorized entry into the dwelling of another, and the State has the burden of proving the necessary intent. People v. Maffioli, 406 Ill 315, 320, 94 NE2d 191 (1950); People v. McCombs, 94 Ill App2d 308, 312, 236 NE2d 569 (1968). Since a person's state of mind is not subject to direct proof, ordinarily intent must be proved circumstantially by inferences drawn from conduct. In the absence of inconsistent circum-

stances, proof of unlawful entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. The inference is grounded in human experience which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose. People v. Johnson, 28 Ill2d 441, 443, 192 NE2d 864 (1963); People v. Powell, 61 Ill App2d 238, 245, 246, 209 NE2d 345 (1965).

 The actions of the defendant were sufficient evidence of felonious intent. He was apprehended in the building, with another, after two men were observed acting furtively at the scene and were seen on the back stairway of the darkened house. Defendant sought to avoid detection before he was found and attempted to flee the scene afterwards. Under these unexplained circumstances the jury did properly find the requisite intent to enter and steal. The trier of fact was not required to search out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt. People v. Huff, 29 Ill2d 315, 320, 194 NE 2d 230 (1963); People v. Jackson, 98 Ill App2d 296, 302, 240 NE2d 482 (1968); People v. Powell, supra, at 246; People v. Gooch, 70 Ill App2d 124, 131, 217 NE2d 523 (1966). The facts in this case are clearly distinguishable from those found in People v. Soznowski, 22 Ill2d 540, 177 NE2d 146 (1961), and People v. McCombs, supra, in that the acts here were no way inconsistent with an intent to steal, while in the cited cases the conduct was found to be inconsistent with such an intent.

 Defendant argues that the felonious intent was improperly implied by the admission of extraneous irrelevancies, that is the evidence of the open window and the admission of the filed down screwdriver. As we have indicated, without considering these items of evidence,

212

there was sufficient proof of the felonious intent beyond a reasonable doubt. While the evidence that the window had been previously closed and while the evidence to connect the screwdriver to defendant and its use in entering the building was slight, the evidence of the guilt of the defendant was sufficiently strong without such supporting circumstances to justify the conviction. In a clear case of burglary we will not reverse for minor errors. People v. Albanese, 379 Ill 287, 290, 40 NE2d 499 (1942) ; People v. Niksic, 385 Ill 479, 486, 53 NE2d 400 (1944).

We, therefore, affirm.

Affirmed.

MORAN, P. J. and DAVIS, J., concur.