THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK POLANSKY, JR., Defendant-Appellant.

(No. 71-84;

Third District—August 9, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

William K. O'Connor, State's Atorney, of Cambridge, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a conviction of the defendant, Frank Polansky, Jr., after trial by jury in the circut court of Henry County for the offenses of burglary and aggravated battery. The defendant was sentenced to the penitentiary for a term of not less than 3 nor more than 10 years on both charges and the sentences to be served concurrently.

The factual situation which resulted in the defendant's conviction occurred on September 29, 1970. At approximately 1:00 o'clock A.M. on that date the custodian of the Kewanee High School heard loud noises emanating from the school's gymnasium. An investigation of these sounds led the custodian into one of the school's rest rooms and as he entered this room he was kicked, stomped and received injuries that necessitated his admission into the hospital, where he remained until October 1, 1970.

Prior to his admission to the hospital the custodian saw two men flee from the school, one of whom ran across the school parking lot into a nearby cemetery. The defendant was shortly thereafter found and apprehended in the cemetery. Other facts which may be pertinent will be recited as we consider the issues raised in this appeal.

The defendant first contends that to sustain a charge of aggravated battery the State must prove an injury or harm to the victim which is more grievous and serious than the type of injury required to sustain the charge of ordinary battery. The defendant argues that the victim did not receive the great bodily harm referred to in Chapter 28, Section 12—4(a), Illinois Revised Statutes, which is necessary to sustain a conviction for the offense of aggravated battery. In the instant case the victim was attacked in the middle of the night, knocked to the floor, then kicked and stomped, which resulted in injuries which required a period of hospitalization. The record discloses that the doctor attending the victim was concerned about the possibility of internal injuries and the fact that such injuries were not present does not detract from the fact that an innocent person received blows which caused a swelling of his forehead and pain in his lower chest and upper abdominal area.

■■ The law is settled in Illinois that what constitutes "great bodily harm" is a question of fact to be determined by a judge or jury. (*People v. Cavanaugh*, 18 Ill.App.2d 279, 152 N.E.2d 266; *People v. Machroli*,

100 Ill.App.2d 227, 241 N.E.2d 609.) In the case before us the jury not only heard the testimony of the complaining witness regarding the charge but also heard the testimony of the doctor who examined and treated him. It is the law in Illinois that because a trial court as the trier of facts is peculiarly suited to determine questions of truthfulness, a reviewing court will not readily substitute its own conclusion unless the proof is so unsatisfactory as to justify a reasonable doubt of guilt. (*People v. Boney,* 28 Ill.2d 505, 192 N.E.2d 920; *People v. Woods,* 26 Ill.2d 582, 187 N.E.2d 692.) Thus we cannot say, as we would have to do in order to reverse, that the proof in the instant case failed to sustain a charge of aggravated battery.

■■■ The defendant next urges as grounds for reversal of the burglary conviction that the State failed to prove beyond a reasonable doubt that he intended to commit a theft at the time he entered the Kewanee High School. No disagreement exists between the defendant and the State as to what legal principles apply in regard to this contention. Specific intent to steal must exist and be measured at the time of the unauthorized entry into the dwelling of another and the State has the burden of proving the necessary intent. (*People v. Maffioli,* 406 Ill. 315, 94 N.E.2d 191; *People v. McCombs,* 94 Ill.App.2d 308, 236 N.E.2d 569; *People v. Rossi,* 112 Ill.App.2d 208, 250 N.E.2d 528.) Since a person's state of mind is not subject to direct proof, ordinary intent must be proved circumstantially by inference drawn from conduct. In the absence of inconsistent circumstances, proof of unlawful entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. The inference is grounded in human experience which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose. (*People v. Johnson,* 28 Ill.2d 441, 192 N.E.2d 864; *People v. Powell,* 61 Ill.App.2d 238, 209 N.E.2d 345; *People v. Rossi, supra.*) Without again setting forth a detailed recital of the factual situation leading to the defendant's arrest and conviction we can only conclude that there was sufficient evidence of felonious intent. The defendant at 1:00 o'clock A.M. crawled upon the roof of the Kewanee High School, made a forcible entry into the building, when his presence was discovered he attacked the school custodian, and he fled from the scene in an effort to escape apprehension. Under these unexplained circumstances the jury did properly find the requisite intent to enter and steal. The trier of fact was not required to search out a series of potential explanations and elevate them to the status of reasonable doubt. *People v. Rossi, supra.*

Later during the morning of September 29, 1970, a hearing of some

nature was held before the circuit court of Henry County at the conclusion of which the defendant was ordered bound over to the Grand Jury and bail was set. At this hearing the defendant was not represented by counsel. The State contends the hearing was a preliminary examination to determine if a warrant of arrest should issue, while the defendant argues that it was a preliminary hearing and the failure to provide him with counsel constitutes a violation of his constitutional rights. In support of his argument the defendant cites the cases of *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, and *People v. Adams,* 46 Ill.2d 200, 263 N.E.2d 490.

■■ Whether the complained of hearing was for the purpose of determining probable cause thereby justifying the issuance of a warrant or whether it is to be construed as a preliminary hearing is in our opinion immaterial. Also we do not deem it reversible error in that the defendant was not provided with counsel at such hearing. We reach this conclusion since we are compelled to apply the "harmless error" rule. An examination of the record clearly discloses that there was no reasonable possibility that the evidence complained of at the hearing might have contributed to the defendant's conviction. (See *Chapman v. California,* 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 825; *People v. Dismuke,* 3 Ill.App.3d 553, 278 N.E.2d 152.) The only testimony adduced at this complained of hearing was that a break-in and an assault had occurred and the defendant had been apprehended. A review of the record fails to show the production of any testimony or the transpiring of any action that could have in any way contributed to the defendant's conviction and therefore so far as said hearing is concerned we feel that the "harmless error" rule is applicable in this case.

■■ The defendant raises as another issue for review that he was found guilty on two counts of aggravated battery both of which resulted from the same conduct. The record discloses that Count I of the indictment returned against the defendant charged him with committing aggravated battery against Eugene Van Wassenhove in violation of Chapter 38, Section 12—4(a), Illinois Revised Statutes. Count III of the indictment charged aggravated battery in violation of Chapter 38, Paragraph 12—4(b)(3), Illinois Revised Statutes, in that the victim Wassenhove was an employee of the Kewanee School System.

Although the defendant was sentenced only for the conviction of a crime charged in Count II of the indictment we are nevertheless of the opinion that the conviction based upon the crime charged in Count III should be reversed. Such a reversal is in keeping with previous rulings of this court in the cases of *People v. Leggett,* 2 Ill.App.3d 962, 275 N.E.2d 651, and *People v. Short,* 4 Ill.App.3d 832, 281 N.E.2d 785, wherein we

held that the conviction and sentence for the lesser of two crimes arising from the same conduct must be reversed provided that the conviction and sentence imposed as to the greater crime are valid and are sustained. While we have previously noted that in the instant case there was but one sentence, we nevertheless believe that the better procedure would be to reverse the conviction based upon a violation of Chapter 38, Paragraph 12—4(b)(3) of Illinois Revised Statutes.

■■■ Lastly the defendant complains that the trial court erred in denying probation and that the sentence imposed was excessive. Regarding the trial court's denial of defendant's application for probation, our reviewing courts have consistently held that a defendant has neither an inherent nor a statutory right to probation, but the granting or not granting of the same rests in the discretion of the court. (*People v. Seipel*, 108 Ill.App.2d 334, 247 N.E.2d 905; *People v. Smith*, 62 Ill.App.2d 73, 210 N.E.2d 574.) Defendant in the instant case attempts to predicate the trial court's denial of his application for probation on the ground that he refused to cooperate with the State by naming his accomplice in the crime for which he was convicted. The trial court's denial of probation could just as well have been predicated upon the fact that the defendant had previously been convicted of and sentenced to the penitentiary for the crime of armed robbery. The conviction of two felonies could well have convinced the trial court that the defendant was not an apt subject for probation and we therefore conclude there was no abuse of discretion in the denial of his application for the same.

■■ We fail to find any merit in the defendant's contention that the sentence received was excessive. He was found guilty of the crimes of burglary and aggravated battery and received a sentence of not less than 3 nor more than 10 years in the penitentiary for each crime with the provision that they were to be served concurrently. In *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, our Supreme Court established guide lines for a reviewing court in its determination of whether a sentence is excessive and should be modified. In *Taylor* the court stated:

"[W]here it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution S.H.A. which requires that all penalties shall be proportioned to the nature of the offense. * * *" *People v. Taylor, supra.*

■■ In the instant case the defendant is not a first offender in that he had previously been convicted of the crime of armed robbery. He now

complains of a sentence of not less than 3 years nor more than 10 years which was imposed upon him for each of the offenses of burglary and aggravated battery and, as we have previously noted, these sentences were to run concurrently. Such sentences are clearly within the limits prescribed by statute and we fail to see where any of the principles set forth in *People v. Taylor, supra,* have been violated and therefore we find no merit in defendant's contention that the sentences imposed were excessive or disproportionate to the offenses for which he was convicted.

For the reasons set forth the convictions of the defendant for the offenses of aggravated battery and burglary and sentences imposed thereon by the circuit court of Henry County are hereby affirmed. The second conviction of the defendant for the crime of aggravated battery based upon a violation of Chapter 38, Paragraph 12—4(b)(3), Illinois Revised Statutes, upon which no sentence was imposed is hereby reversed.

Affirmed in part and reversed in part.

STOUDER, P. J., and ALLOY, J., concur.