THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY MOORE *et al.*, Defendants-Appellants.

(No. 72-103; )

Third District—December 28, 1972.

*Rehearing denied January 31, 1973.*

James A. Geis, of Defender Project, of Ottawa, for appellants.

Ronald N. Litterst, Assistant State's Attorney, of Peoria, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendants-Appellants, Terry Moore and Paul Walker were found guilty of attempted murder by a jury in the Circuit Court of Peoria County on December 7, 1971. They were each sentenced to terms of from eight to sixteen years in the penitentiary.

The only assignment of error on this appeal is the claim by defendants that their sentences are excessive.

Complaining witness Charles Marmion was at work at the Western Coal Company of Peoria on June 11, 1971. He was standing behind the counter in the scale house when defendants, Terry Moore and Paul Walker, entered. After having inquired into the price of white rock, Moore and Walker both pointed pistols across the counter top. Marmion became infuriated and before he even heard the defendants say anything, he charged around the end of the counter. Marmion testified that he had a headlock on both Defendants, but McManaway, an eye witness,

testified that Moore was knocked out the door. Marmion was shot three times, once in the chest and once in each leg.

In arguing their sentences are excessive defendants have emphasized that they are young (19 years old), that they had never before been convicted of a felony and that the minimum sentence of eight years would be in fact counterproductive to their rehabilitation.

■■ While there is no doubt that this court has the jurisdiction and the duty to review sentences it is equally true that courts of review approach this task with caution and will not reduce sentences unless they are beyond the range within which the trial court may appropriately exercise its discretion. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, and *People v. Polansky*, 6 Ill.App.3d 773, 287 N.E.2d 747.) As we have suggested earlier the defendants have pointed out those factors which indeed are appropriately considered as tending to support a lesser sentence. There is no indication that the trial court neglected to consider such factors. The court was also required to and did consider all of the factors relevant to the sentence to be imposed and in this case the circumstances surrounding the offense are of such significance that the sentence of the court can hardly be regarded as any abuse of discretion. The defendants have urged that at the time of the attempted robbery they did not intend to shoot anyone. This is a conjecture belied by the facts since whatever they may have originally hoped did not occur and they were both ready and willing to convert their potential threats into near deadly action. Accordingly we find no reason for disturbing the sentences imposed in this case. For the foregoing reasons the judgments of the Circuit Court of Peoria are affirmed.

Judgments affirmed.

SCOTT and DIXON, JJ., concur.