THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUY HART, Defendant-Appellant.

(No. 72-184;

Third District—April 10, 1973.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.

PER CURIAM:

Defendant Guy Hart was convicted of robbery in a jury trial in the circuit court of Will County and was sentenced on June 28, 1971, to not less than three nor more than ten years in the Illinois State Penitentiary.

Following the filing of notice of appeal, the trial court appointed the District Defender of the Illinois Defender Project as counsel on appeal for defendant. Appellate counsel has now filed in this court a Motion for Leave to Withdraw and a Brief in support thereof, pursuant to the precedent in *Anders v. California* 386 U.S. 738. Appellate counsel indicates that after careful examination of the record in the cause before us and a thorough consideration of every possible issue, appellate counsel has concluded that an appeal would be wholly frivolous and could not possibly be successful.

From the record, it appears that between 4:00 A.M. and 4:30 A.M. on February 4, 1971, Alfred Mortenson was working as a clerk in the Day and Night Food Mart, when a man entered the premises and went to the back of the store. Soon thereafter, the man appeared at the checkout counter wearing nylon pantyhose over his head and stated, "This is a stick-up young man." The clerk, Mortenson, testified that the man had his right hand in his coat pocket and that it appeared that something was protruding from his pocket. Mortenson then placed all the bills from the cash register into a brown paper bag and the robber dropped a pair of Boss gloves into the bag and left. A customer in the store, Phyllis Kutzschebauch, corroborated Mortenson's version of the robbery.

Mortenson testified that he placed about $150 into the bag, mostly in "singles" (approximately 75 to 100), a "couple of tens," and a "couple of fives." He also stated that he noticed the man's face when he entered the store and, also, when the man took off the nylon stocking when he was leaving. He stated that the robber was wearing a dark coat with a fur collar, a brown shirt and brown pants. Mortenson made an in-court identification of defendant.

State Trooper James Vaughn testified for the prosecution and stated that while he was in his patrol car he received a radio message relating to the robbery and shortly thereafter stopped defendant in an automobile, which resembled the car described in the radio message, for failure to dim the headlights. When Officer Kapella of the Joliet Police arrived at the scene he searched defendant's automobile and his coat. From the automobile he seized a bag containing paper money (91 one dollar bills, 4 five dollar bills, and 3 ten dollar bills). He also found a pair of Boss gloves, and from the coat he took a pair of woman's pantyhose. These items, and also the brown slacks and black coat that defendant was wearing at the time of the arrest, were admitted in evidence.

At the arraignment on March 3, 1971, the court appointed Mr. Murer, the public defender, to represent the defendant. At that time the defendant said that he had Mr. Murer to represent him which was "fine" with defendant. On April 5, 1971, the day the case was set for trial, a private

attorney appeared and moved for leave to substitute for the public defender *if* the court would grant a 30-day continuance. The public defender stated that although he was prepared to go to trial he had no objection to the substitution of counsel. The court denied the motion for substitution because it was conditioned on a 30-day continuance.

██ A granting of a continuance for substitution of counsel is a matter resting within the sound judicial discretion of the trial court. (*People v. Clark*, 9 Ill.2d 46, 137 N.E.2d 54.) A conviction will not be reversed because of the denial of such motion unless it appears that the refusal of additional time in some manner embarrassed the accused in preparing his defense and prejudiced his rights. (*People v. Solomon*, 24 Ill.2d 586, 182 N.E.2d 736.) Nothing in the record indicates that defendant was prejudiced in any manner by the refusal to allow the continuance for the substitution of counsel. Defendant never expressed dissatisfaction with the public defender. The public defender announced he was ready on the date set for trial and demonstrated his preparedness by conducting the defendant's defense very adequately.

Prior to the trial, defendant filed a motion to suppress evidence seized at the scene of arrest. Defendant contended that the police did not have probable cause to make the arrest, and that, therefore, the search which followed the arrest was illegal. At the hearing on the motion it was determined that defendant was stopped in his car a short time after the robbery. The car closely resembled the known description of the car used by the robber. Defendant's size and his clothes fit the description known to the police at the time of his arrest. In a similar factual situation, the United States Supreme Court approved a warrantless search of an auto. *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed.2d 419.

Defendant also filed a Motion to Suppress the Identification Testimony by eye witness Mortenson alleging that the photo identification was conducted improperly. At the hearing on this motion defendant brought out the fact that defendant's picture was about $\frac{3}{16}$ of an inch larger than the other four pictures and that his picture was the only one which had a date on it. The date was "2/4", a date approximately one week after the robbery. Mortenson testified for the State and said that he recognized defendant's picture immediately; that he did not notice the date on it until after he identified defendant's picture and that he never noticed that the pictures were not the same size. On the basis of the evidence presented at the hearing, it was not error to deny the motion to suppress the photographic identification for the reason that defendant did not sustain the burden of showing that the photo line-up was unnecessarily suggestive. *People v. Wooley*, 127 Ill.App.2d 249, 262 N.E.2d 237.

██ After an extensive hearing, defendant's application for probation

was denied. The probation report recommended that probation be denied. At the hearing the defendant admitted that he was on parole at the time this crime was committed. Defendant had no absolute right to probation. (*People v. Polansky*, 6 Ill.App.3d 773, 287 N.E.2d 747.) It was, therefore, not an abuse of discretion to deny defendant's application for probation. The State introduced evidence of two prior robbery convictions and that the defendant was on parole at the time the robbery under consideration was committed. It, consequently, appears that the sentence of not less than three years nor more than ten years was not excessive.

After a complete examination of all the proceedings we conclude that appellate counsel was correct in the motion filed in this court. We, therefore, conclude that an appeal in this case would be wholly frivolous and that the judgment of the circuit court of Will County should be affirmed, since there was adequate compliance with *Anders v. California*, 386 U.S. 738.

This cause is, therefore, affirmed. The motion of counsel for appellant to withdraw is herewith allowed.

Affirmed.