THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS W. CLONTZ, Defendant-Appellant.

(No. 73-257; ▮▮▮▮▮▮▮▮)

Fifth District—August 20, 1975.

Paul Bradley and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Patricia Fehrenbacher, State's Attorney, of Newton, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

A jury in Jasper County returned a verdict of guilty against the defendant-appellant, Douglas Clontz, on a charge of theft over $150, and

acquitted the defendant ·of a charge of burglary. He was sentenced to 18 months to 3 years in the penitentiary on the theft conviction.

The two issues presented for review by the defendant are: whether the conviction should be reversed because the defendant was denied counsel at a preliminary hearing; whether the trial court erred by restricting the cross-examination of a State's witness to show bias.

·A ·criminal complaint charging the defendant with burglary and theft over $150 was filed in the Circuit Court of Jasper County. The defendant appeared in court, and the court explained to him that he could waive the right to a prompt preliminary hearing and have it the following week, or he could immediately have the hearing. The defendant told the court to go ahead and have the hearing, even though he did not have a lawyer to represent him. The sheriff of Jasper County was the only witness, and he testified that in investigating a burglary he received a tip that the stolen goods were in the .defendant's car. .He later obtained a search warrant and found the stolen items in the defendant's car. The defendant declined to testify, and the court found probable cause and set bond. A week later the court appointed counsel for the ·defendant. At no time was the defendant informed of his right to counsel at the preliminary hearing, and he did not voluntarily ·and knowingly waive the right to counsel.

Later the grand jury returned an ·indictment. charging .the defendant ·with the burglary of and theft from the Muddy Consolidated School. The defendant filed a ·motion to quash the complaint and indictment on the grounds of a denial of counsel at the preliminary hearing. The court heard evidence on this motion and denied it. Two weeks later the jury trial commenced and defendant was found guilty of theft over ·$150.

■■ Does this denial· of representation by counsel at the preliminary hearing per se deprive the defendant of a fair trial? We do not think so. Although the Illinois Constitution of 1970, article 1, section 7, guarantees the right to a preliminary hearing, the denial of counsel at that hearing does not affect the substantial rights· of a party so as to require automatic reversal, even though it is a critical stage in the prosecutorial proceedings wherein the accused has a constitutional right to representation. (*Coleman v. Alabama,* 399 U.S. 1, 26 L.Ed.2d 387, 90 S.Ct. 1999; *People v. Adams,* 46 Ill.2d 200.) A preliminary hearing is not a prerequisite to prosecution (*People v Hendrix,* 54 Ill.2d 165), and findings at the hearing are not binding on the prosecution (*People v. Gooding,* 21 Ill.App.3d 1064). In *People v. Polansky,* 6 Ill.App.3d 773, the court held that it was. not reversible ·error when ·the defendant was ·not

provided counsel at a hearing conducted before he was bound over to the grand jury. The court in *Polansky* stated:

> "We reach this conclusion since we are compelled to apply the 'harmless error' rule. An examination of the record clearly discloses that there was no reasonable possibility that the evidence complained of at the hearing might have contributed to the defendant's conviction. (See *Chapman v. California*, 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 825; *People v. Dismuke*, 3 Ill.App.3d 553, 278 N.E.2d 152.)" (6 Ill.App.3d 773, 777.)

Sheriff Mulvey was the only witness to testify at the preliminary hearing. He limited his testimony to evidence that a search of the defendant's car disclosed the presence of the stolen goods. At the jury trial his testimony was basically the same. No less than five other police officers testified at trial that they were present during the search of the defendant's car, and consequently, the sheriff's testimony was completely unnecessary to the State's case. The testimony at the preliminary hearing could in no way have contributed to defendant's conviction. We find the error was harmless beyond a reasonable doubt and cannot be considered as grounds for reversal. *Chapman v. California*, 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824.

The defendant's second contention is that the court erred in sustaining an objection to a question regarding the length of the sentence which had been imposed on Marvin Curtis, an accomplice and a State's witness.

■■ A reviewing court will not interfere with the trial court's ruling concerning the latitude allowed on cross-examination of a witness unless that ruling was clearly abusive. The widest latitude, however, should be given the defendant in cross-examining for the purpose of establishing bias of a witness. (*People v. Hanks*, 17 Ill.App.3d 633.) The purpose of this rule is to show the interest, bias or motive of a witness who has been arrested or charged with the crime for which the defendant stands charged.

In the instant case the State's witness was an accomplice who had previously pled guilty to theft under $150. This evidence was elicited from him on direct examination. The witness twice denied being promised leniency if he testified for the State. In addition, an instruction concerning the credibility of an accomplice's testimony was submitted to the jury. Therefore we do not think that the trial court abused its discretion by sustaining the State's objection to the question asking the length of the sentence the witness would receive on his theft conviction.

■■ A final issue, not raised by the defendant, is the propriety of the

defendant's sentence. Theft over $150 is a Class 3 felony, for which the minimum sentence shall not be greater than one-third of the maximum. (Ill. Rev. Stat., ch. 38, § 1005—8—1(c).) The defendant received a 1½ years' to a 3-year sentence. Consequently, the minimum sentence of 1½ years is reduced to 1 year.

For the foregoing reasons, the judgment of the Circuit Court of Jasper County finding the defendant guilty of the crime of theft over $150 is affirmed, but the minimum sentence is modified.

Judgment affirmed as modified.

EBERSPACHER and KARNS, JJ., concur.