**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180226-U

Order filed November 12, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0226 Circuit No. 17-CF-421 |
| DEANNA M. ROWLEY, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The defendant's sentence was not excessive or the result of an abuse of discretion.

¶ 2     The defendant, Deanna M. Rowley, appeals from her convictions for robbery and unlawful use of a credit card. The defendant argues that her sentence is excessive where the La Salle County circuit court: (1) failed to consider the seriousness of the defendant's crimes, (2) failed to consider the defendant's substance abuse as mitigating evidence, and (3) improperly relied on its subjective beliefs in determining the defendant's sentence.

## I. BACKGROUND

¶ 4      The defendant entered a guilty plea to charges of robbery (720 ILCS 5/18-1(a) (West 2016)) and unlawful use of a credit card (*id.* § 17-36). The plea included no agreement as to the sentence. The factual basis indicated that on October 5, 2017, officers responded to a restaurant to investigate the robbery of an 82-year-old woman, Caroline Bell, and unlawful use of a credit card belonging to Roy Bell. Statements from Caroline and Roy and a surveillance video recording established that Caroline was walking in front of a restaurant when the defendant stopped her vehicle in the middle of the road and approached the door to the restaurant. The defendant waited at the door for several seconds until Caroline approached. The defendant then attempted to steal Caroline's purse. Caroline struggled to hold onto her purse but prevented the defendant from taking it. The defendant then reached into the purse and took Roy's wallet and returned to her vehicle. The defendant subsequently used Roy's credit card to purchase $14 worth of gasoline. The court accepted the defendant's guilty plea and continued the matter for a sentencing hearing.

¶ 5      The defendant's presentence investigation report (PSI) showed that on February 10, 2012, the court sentenced her to 24 months' probation under section 410 of the Illinois Controlled Substances Act (Act) (720 ILCS 570/410 (West 2010)) for unlawful possession of a controlled substance (*id.* § 402(c))[1]. On October 17, 2013, the court revoked the defendant's

---

[1]When a person who has not been previously convicted of any felony offense under the Act, pleads guilty to or is found guilty of possession of a controlled or counterfeit substance under section 402 (c), the court, without entering a judgment and with the consent of such person, may sentence her to probation. 720 ILCS 570/410(c) (West 2010). Upon the successful completion of a term of probation, the defendant then may have the charge against her dismissed. *Id.*

probation and resentenced her to an additional term of 24 months' probation under section 410 of the Act.[2] The defendant completed her probation for this offense.

¶ 6    The PSI revealed that the defendant suffered from substance abuse issues. She began using cocaine at the age of 17, and her last use was the date of the instant offense. Between 2008 and 2016, the defendant participated in several substance abuse treatment programs. On December 13, 2016, the defendant was discharged from her last treatment program. The PSI also documented that the defendant held inconsistent employment as a dental assistant in 2016 and 2017.

¶ 7    At the sentencing hearing, the State asked the court to consider the defendant's character and the nature of the offenses. The State pointed to the defendant's prior appearances before the court on February 10, 2012, October 17, 2013, and on January 24, 2014. The State argued that on each prior date the court granted the defendant's request for leniency. The State asserted that the court told the defendant during one of these hearings that "there would be no second chances for her if she came before [it] again." The State argued that given the defendant's criminal history, probation was not appropriate in this case. The State asked the court to sentence the defendant to 12 years' imprisonment.

¶ 8    Defense counsel argued that the defendant's conduct was the bare minimum required to satisfy the elements of robbery and noted that the defendant did not harm or threaten to harm anyone. Counsel asked the court to impose a sentence of probation, noting that the defendant had successfully completed her prior term of section 410 probation. Counsel also referenced the many letters written on behalf of the defendant, particularly by Caroline, who asked the court not

---

[2] The record is not clear as to the reason why the court revoked the defendant's probation on October 17, 2013. However, we note that the defendant was convicted of retail theft on January 24, 2014.

3

to sentence the defendant to prison. Counsel noted that the defendant had two minor daughters. The defendant made a statement in allocution in which she acknowledged that she had relapsed on the date of the offense.

¶ 9    Following the parties' arguments, the court said,

"You know, Ms. Rowley, that letter I heard before. I heard everything that you said. You're a good writer; you're dramatic; and you are manipulative.

*** I understood, number one, that you needed help. I always understand that. ***

Number two, I know you are very smart. And I do know, yes, your friends are right; you do have great potential. There is no question about this. And I know that it's going to be an extreme burden on your two young girls to not have their mother there. And because I know all of that, I have given you chance after chance after chance. I read these letters to me, and they make it sound like I don't know you, that I don't know the person you are. ***

You know, Ms. Rowley, I know everything about you. I have given you everything that the court system has to help you. Every single thing. We have nothing left.

*** [T]he last time you were in front of me, I told you don't come back; this is the last chance. And you are here. ***

My caring about you and my wanting you well and my understanding you need to be well has not worked. It works for some. And I'm experienced enough to understand when it will work and when it won't. The fact that you are back

4

again after I gave you encouragement, I told you how much potential you had, I said there is a side of you that is wonderful \*\*\*. But you're still here.

\*\*\* So it's unfair to continue to enable you. And I have done that, I can see; or you wouldn't be here.

\*\*\* My sentence isn't going to do anything except keep you sober because I'm sending you to prison. \*\*\* I am a woman of my word. I told you—I was serious. I told you I didn't want to see you again.

\*\*\* But you need to be punished. And right now you are a danger to society when you are in the midst of your addiction. And I see no hope here. Any probation order I do is not going to be TASC-mandated, and you need residential treatment. They're suggesting outpatient treatment. There are things that you need—I don't even agree with the outpatient plan. You are a serious addict. And you cannot get better by all of us enabling you.

\*\*\*

Now, you've got mitigating factors. You've got two children that need you. You've got a serious addiction. So you need to be in prison long enough to stay sober. But you also have, when you are sober, good qualities.

So I have considered all of that in my sentence."

The court sentenced the defendant to concurrent terms of eight years' imprisonment for robbery and three years' imprisonment for unlawful use of a credit card.

¶ 10        The defendant filed a motion to reconsider sentence. The court denied the defendant's motion stating,

5

"I truly believe that the sentence was also rehabilitative because it's clear to the court that you could not succeed on your own without being in a[n] isolated, confined place like the Department of Corrections. *** I feel that this sentence I gave you is what's needed to get the job done for you being a productive mother and I know you're a good person. That I know. But I'm hoping with this sentence that you will lick a very difficult problem."

The defendant appeals.

¶ 11                                II. ANALYSIS

¶ 12         The defendant argues that her sentence is excessive where the circuit court (1) failed to consider the seriousness of the defendant's crimes, (2) failed to consider her substance abuse issues in mitigation, and (3) improperly relied on its subjective beliefs in determining the defendant's sentence.

¶ 13         The Illinois Constitution requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The circuit court has wide latitude in sentencing a defendant to any term prescribed by statute, "[a]s long as the court does not consider incompetent evidence, improper aggravating factors, or ignore pertinent mitigating factors ***." *People v. Hernandez*, 204 Ill. App. 3d 732, 740 (1990). Relevant sentencing considerations include the nature of the crime, the public's protection, deterrence, punishment, and the defendant's rehabilitative potential. *People v. Kolzow*, 301 Ill. App. 3d 1, 8 (1998). The weight that the circuit court should attribute to any factors in aggravation and mitigation depends on the particular circumstances of the case. *Id.* The court is not required to cite each factor it considered in fashioning a defendant's sentence. *People v. Perkins*, 408 Ill. App. 3d 752, 763 (2011).

¶ 14    We review the circuit court's sentencing determination for an abuse of discretion. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). We will find an abuse of discretion only where the court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the court. *People v. Hall*, 195 Ill. 2d 1, 20 (2000). We will not disturb a sentence within the applicable sentencing range unless the trial court abused its discretion. *Stacey*, 193 Ill. 2d at 209-10.

¶ 15    At the outset, we note that the statutory sentencing ranges for a Class 1 felony and Class 4 felony are 4 to 15 years' imprisonment and 1 to 3 years' imprisonment, respectively. See 720 ILCS 5/18-1(c), 17-36 (West 2016); 730 ILCS 5/5-4.5-30(a), 5-4.5-45(a) (West 2016). The defendant's eight-year prison sentence for robbery and concurrent three-year prison sentence for unlawful use of a credit card are within the statutory range for both offenses. *Id*. Therefore, these sentences are presumptively valid, and the defendant bears the burden to rebut this presumption. *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 13.

¶ 16                                    A. Seriousness of Crime

¶ 17    The defendant argues the court gave insufficient weight to the fact that she committed the minimum conduct necessary for a robbery conviction. The defendant emphasizes that no one was hurt during the robbery and she only charged $14 on Roy's credit card. In support of her position, the defendant advocates that we adopt the analysis from the dissent in *People v. Lundy*, 2018 IL App (1st) 162304.

¶ 18    Initially, we note that the legislature determined that robbery is a serious offense when it categorized this offense as a Class 1 felony punishable by a sentence of up to 15 years' imprisonment. 720 ILCS 5/18-1(c) (West 2016); 730 ILCS 5/5-4.5-30(a) (West 2016); see also *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005) (noting "the legislature is institutionally better

equipped to gauge the seriousness of various offenses"); *People v. Johnson*, 237 Ill. 2d 81, 98-99 (2010) (indicators of the seriousness of the offense include the maximum possible sentence and the legislative classification, mental state required, and the specificity with which each offense is defined in the statute). To be subject to this sentencing range, a defendant need only "knowingly take[ ] property *** from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (West 2016). The sentencing scheme does not require any specific harm or value of property unlawfully acquired to subject a defendant to the maximum 15-year prison term.

¶ 19    The record establishes that the court was aware of the defendant's conduct as it had both accepted the defendant's guilty plea and received her PSI before it imposed the sentence. The defendant cites to nothing in the record that shows the court dismissed the defendant's alleged "bare minimum" conduct. See *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. Ultimately, the court determined that the defendant's conduct did not significantly depreciate the seriousness of the offense or warrant the imposition of a lesser sentence. Instead, the court reasoned that the defendant's substance abuse issues and need for in-patient treatment, together with the need to protect the public, warranted a mid-range prison sentence.

¶ 20    The defendant asks that we apply the rationale from the dissent in *Lundy*, 2018 IL App (1st) 162304, ¶¶ 34-54, to conclude that her sentence was excessive given the minimal proceeds of her crimes. The majority in *Lundy* found the defendant's sentence of 10 years' imprisonment for the offense of armed robbery was not disproportionate to the nature of the offense even though the defendant stole approximately $33 in merchandise from a dollar store and suffered from drug addiction and was homeless. *Id.* ¶ 29. In dissent, Justice Hyman indicated that he would have found the defendant's sentence to be excessive as he committed a "small, petty, and

8

sad" crime that did not warrant a decade in prison. *Id.* ¶ 54. (Justice Hyman, J., dissenting.) Hyman compared the monetary amount of stolen goods to the length of prison sentence and reasoned that the defendant would spend one year in prison for every $3.33 of stolen property. *Id.* ¶ 39. Hyman concluded that this yearly monetary value showed that defendant's sentence was " 'manifestly disproportionate to the nature of the offense.' " *Id.* ¶ 51 (quoting *Stacey*, 193 Ill. 2d at 210).

¶ 21    The defendant similarly argues that her eight-year prison sentence for $14 of unlawfully obtained gasoline is excessive, where defendant would spend one year in prison for every $1.75 of stolen goods. We are unpersuaded by the *Lundy* dissent. The defendant's argument depreciates the seriousness of her convictions for robbery and unlawful use of a credit card. In this case, the court exercised proper discretion when it considered the charged offenses along with the defendant's PSI to craft a sentence that both protected the public and enabled the defendant to receive in-patient treatment for her substance abuse issues.

¶ 22                                    B. Substance Abuse

¶ 23    The defendant argues that the court should have considered her struggle with substance abuse as mitigating evidence. "This court has recognized that a history of substance abuse is a double-edged sword at the aggravation/mitigation phase of a penalty hearing. [Citations.] Simply because defendant views his substance abuse history as mitigating does not require the sentencer to do so." *People v. Mertz*, 218 Ill. 2d 1, 83 (2005).

¶ 24    Like *Mertz*, the record indicates that the court considered the defendant's struggle with substance abuse as mitigating and aggravating evidence. Initially, the court discussed, at length, the defendant's numerous prior appearances and how those appearances were rooted in issues of substance abuse. Toward the end of its sentence pronouncement, the court noted, in apparent

9

mitigation, that the defendant had "a serious addiction." The court then explained that the defendant's addiction issue necessitated the imposition of a prison sentence that would allow the defendant to receive in-patient treatment.

¶ 25                                   C. Judge's Comments

¶ 26        In her brief, the defendant argues that the court's comments established that it "[gave] her word to [the defendant] that if she came into the judge's courtroom again, then she would be sentenced to prison," and that the defendant must be sent to prison because the judge was "a woman of [her] word." Further, the court improperly considered its experience with the defendant, rather than the factors in aggravation and mitigation.

¶ 27        The court's comments about its prior interactions with the defendant derived from the defendant's criminal history, not the court's subjective belief. See 730 ILCS 5/5-5-3.2(a)(3) (West 2016). We do not find that the court's comments showed her subjective belief or bias against the defendant, but instead reflected the information contained in the defendant's PSI regarding her prior offenses and substance abuse issues. Moreover, there is no indication in this record that the court told the defendant that if she appeared before the court again, the court would sentence her to prison. Instead, the record establishes that the court weighed the factors in aggravation and mitigation and based its sentence determination on its observations of the defendant's character, a desire to protect society, and the minimal likelihood of the defendant's rehabilitation outside of prison. *Supra* ¶ 9; see also *Kolzow*, 301 Ill. App. 3d at 8; *People v. Fern*, 189 Ill. 2d 48, 53 (1999).

¶ 28        Finally, the defendant argues that section 5-6-1(a)(1), (a)(2) of the Unified Code of Corrections requires a presumption of probation, and therefore, her sentence is excessive. 730

10

ILCS 5/5-6-1 (a)(1), (a)(2) (West 2016). The defendant's argument is based on an over-generous reading that provides for the imposition of a sentence of probation,

"*unless*, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment *** is necessary for the protection of the public; or

(2) probation *** would depreciate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." (Emphasis added.) *Id.*

A defendant does not have a right to probation simply because the charge for which she is convicted of is eligible for probation. *People v. Hart*, 10 Ill. App. 3d 857, 860 (1973). Under the facts of this case, the court properly reasoned that a sentence of imprisonment was necessary to protect the public and that probation would depreciate the seriousness of the defendant's conduct. *Supra* ¶¶ 9, 27. Therefore, the defendant was excluded from the section 5-6-1 presumption of probation. We conclude that the court did not abuse its discretion in imposing the defendant's sentence, therefore her sentence will not be disturbed. See *Stacey*, 193 Ill. 2d at 209-10.

¶ 29                          III. CONCLUSION

¶ 30          The judgment of the circuit court of La Salle County is affirmed.

¶ 31          Affirmed.

11